...

**CARDEN LIVESAY LTD**
**ATTORNEYS AT LAW**

Joshua W. Carden, SBN 021698
419 East Juanita Avenue, Suite 103
Mesa, AZ 85204
joshua@cardenlivesay.com
T. (480) 345-9500
F. (480) 345-6559
*Attorney for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Proctor,<br><br>                  Plaintiff,<br>v.<br><br>Riley Industrial Services, Inc.,<br><br>                  Defendant. | **ORIGINAL COMPLAINT**<br>**(JURY TRIAL REQUESTED)** |

      Plaintiffs David Proctor, by and through the undersigned counsel, hereby seek relief under the Americans with Disabilities Act; Family Medical Leave Act (FMLA); Arizona's Paid Sick Time Law, and the Arizona Civil Rights Act as follows:

## PARTIES

      1.     Plaintiff David Proctor was at all relevant times herein a resident of Greenlee County, Arizona, and an "employee" of Riley Industrial Services, Inc. within the meaning and purposes of all relevant statutes at all times material to this action.

      2.     Defendant Riley Industrial Services, Inc. ("Riley") is a New Mexico corporation, at all relevant times conducting its business in Greenlee County, Arizona.

      3.     Riley was an "employer" of Plaintiff within the meaning and purposes of all relevant statutes at all times material to this action.

      4.     Defendant employs more than 300 people.

      5.     At all times pertinent to this Complaint, Defendant's managerial employees were acting within the course and scope of their employment with Defendant; and as a result thereof,



Defendant are responsible and liability is imputed for the acts and omissions of their managerial employees, as alleged herein, under the principles of *respondeat superior*, agency, and/or other applicable law.

6. All acts alleged in this Complaint occurred in Greenlee County, Arizona.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331. Pendent jurisdiction over the related state law claims is invokes pursuant to 28 U.S.C. § 1367.

8. The unlawful employment practices described herein were committed within the State of Arizona, on Defendant' premises located in Greenlee County, State of Arizona.

9. Accordingly, venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

## ALLEGATIONS COMMON TO ALL CLAIMS

10. Riley is a large provider of industrial services, with offices in multiple states.

11. Riley employed Mr. Proctor as a Technician beginning May 2019.

12. His manager was Sterling Walker.

13. In or around March 2020, Mr. Proctor notified Mr. Walker that his fiancé (with whom he was living in Greenlee) was disabled and pregnant, and that he was her primary caretaker.

14. Mr. Proctor informed Mr. Walker that, due to his fiancé's disability and pregnancy, he would be required to transport her to and attend doctor's appointments critical to her health occurring every few weeks.

15. Mr. Walker initially agreed to allow Mr. Proctor to attend these appointments and suggested that he limit these appointments to Fridays.

16. Fridays were ordinarily not a workday for Mr. Proctor.

17. Mr. Proctor agreed to limit the appointments to Fridays.

18. At no time did Riley suggest or offer paperwork to allow Mr. Proctor to obtain intermittent FMLA to cover the doctor's appointments.

19. Mr. Proctor attended several such appointments without a problem.

20. However, on August 19, 2020 (Wednesday); Mr. Walker notified Mr. Proctor that he had been selected to go on an overnight out of town assignment beginning Thursday, August



20, 2020 and continuing through Friday, August 21, 2020.

21. Mr. Proctor informed Mr. Walker that his pregnant fiancé had a critical healthcare appointment that Friday that required him to transport her and attend – as he had several times previously.

22. Mr. Proctor also notified Mr. Walker that there were several other Technicians that could travel in his place to perform the assignment and announced his intention to keep the medical appointment.

23. Mr. Walker responded and said "well, that's pretty f*cking unfortunate" or words to that effect.

24. On August 20, 2020, Riley terminated Mr. Proctor.

25. Mr. Proctor protested his termination to Mr. Walker, reminding Mr. Walker that he was abiding by the request to schedule medical appointments for Fridays.

26. Walker responded saying "I am just not going to deal with it anymore" or words to that effect.

27. Riley did not permit Mr. Proctor to use earned paid sick time for the appointments.

28. Upon information and belief, Mr. Proctor was terminated because of his association with a disabled individual, his qualification for and potential use for intermittent FMLA leave, his request for accommodation, his qualification for and potential use of earned paid sick time, or any combination of the above.

29. Upon information and belief, Defendant has failed to post the required notices to employees under the FMLA and Arizona's Paid Sick Time Law.

30. Plaintiff dual-filed a charge of discrimination with the Arizona Attorney Civil Rights Division and the EEOC on or before October 9, 2020.

31. On July 7, 2021, Arizona Attorney Civil Rights Division issued the notice of right to sue.

32. This Complaint will be amended to add the EEOC right to sue when obtained.

33. All conditions precedent to the filing of this lawsuit have occurred or been satisfied.



**FIRST CAUSE OF ACTION –FMLA INTERFERENCE**

34. By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

35. Plaintiff provided prompt and reasonable notice to Defendant of his need for intermittent absences for the serious health condition of his fiancé and as the father of her unborn child.

36. Plaintiff was eligible for FMLA leave and it should have been offered by Defendant, along with the necessary paperwork.

37. The FMLA requires Defendant to restore Plaintiff to his same or equivalent position following use of medical leave; instead Defendant terminated Plaintiff.

38. Upon information and belief Defendant considered Plaintiff's pregnant fiancé's medical condition requiring Plaintiff's FMLA leave as a negative factor in making the decision to terminate his.

39. Defendant's termination of Plaintiff for his need for leave to which he was entitled under the FMLA, before Plaintiff had the opportunity to utilize that leave (whether paid or unpaid) had the effect of interfering with Plaintiff's rights under the FMLA.

40. Defendant has thus interfered with Plaintiff's rights under the FMLA in violation of 29 U.S.C. § 2615.

41. Defendant has caused Plaintiff economic damages by violating the FMLA.

42. Because Defendant's violations were committed without good faith, Plaintiff is entitled to an equal additional amount as liquidated damages under the FMLA.

43. Plaintiff is further entitled to equitable relief as determined by the Court.

**SECOND CAUSE OF ACTION – VIOLATION OF ARIZONA PAID SICK TIME LAW**

44. By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

45. Arizona has adopted a Paid Sick Time law, A.R.S. §§ 23-371, *et seq*.

46. A.R.S. § 23-364(B) states:

> No employer or other person shall discriminate or subject any person to retaliation for asserting any claim or right under this article, for assisting any other person in



4

doing so, or for informing any person about their rights.  Taking adverse action against a person within ninety days of a person's engaging in the foregoing activities shall raise a presumption that such action was retaliation, which may be rebutted by clear and convincing evidence that such action was taken for other permissible reasons.

47. Defendant violated A.R.S. § 23-364 as described herein, by terminating Plaintiff for asserting and utilizing his right to take medical leave on behalf of his disable pregnant fiancé – even temporarily - and after attending medical appointments and shortly prior to taking that leave in lieu of a work assignment.

48. Additionally, upon information and belief, Defendant failed to provide notice of Plaintiff's rights under A.R.S. 23-364 as required by law.

49. A.R.S. § 23-364(C) authorizes a private right of action for any private party injured by a violation.

50. A.R.S. § 23-364(G) mandates a remedy of an amount "sufficient to compensate the employee and deter future violations, but not less than one hundred fifty dollars for each day that the violation continued or until legal judgment is final."

51. Defendant's discrimination and/or retaliation were committed without justification or excuse.

52. As a direct result of Defendant's conduct, Plaintiff has suffered damages in an amount to be proven at trial, but not less than $150.00 per day until final judgment, and the failure to post and keep proper records penalties under § 23-364(F).

**THIRD CAUSE OF ACTION – ADA DISCRIMINATION**

53. Note: this claim is pending exhaustion of administrative remedies.  This case is filed "early" due to the need to preserve Plaintiff's Paid Sick Time claim, which, unlike the other claims herein, has a one-year statute of limitations.  Permission to amend will be sought when this claim is ripe.

**FOURTH CAUSE OF ACTION – ACRA DISABILITY DISCRIMINATION**

54. By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

55. Plaintiff was associated with his pregnant fiancé, whose symptoms and physical



condition, as described above, caused substantial limitation to the performance of major life activities, and/or the perception by Defendant that she experienced substantial limitations of major life activities.

56. Plaintiff placed Defendant on actual notice of his fiancé's disabilities, which further contributed to the perception by Defendant that she experienced substantial limitations of major life activities.

57. Furthermore, Defendant was aware that Plaintiff was associated with an individual with a disability; and discriminated against each Plaintiff on that basis.

58. Defendant failed to provide Plaintiff with a reasonable accommodation, despite the easy availability of accommodation.

59. Defendant terminated Plaintiff when requesting the continuation of his participation in his fiancé's healthcare regimen.

60. By these actions, Defendant has engaged in direct discrimination against Plaintiff, as well as treating him disparately from other non-disabled workers in violation of A.R.S. §§ 41-1461, *et seq*.

61. As a direct and proximate result of Defendant's conduct, Plaintiff has sustained damages in the form of lost wages and value of benefits. Plaintiff continue to lose the value of such wages and benefits into the future.

## JURY TRIAL DEMANDED

62. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court enter judgment as follows:

A. Declaring that the acts and practices complained of herein are in violation of federal and/or state law;

B. Assessing applicable civil fines and penalties against Defendant as authorized under the statutes cited herein;

C. Directing Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect



Plaintiff's employment or employment opportunities;

D. Directing Defendant to place Plaintiff in the position he would have occupied but for Defendant' unlawful actions, and make him whole for all earnings he would have received, including, but not limited to, back pay, front pay, pension, and other lost benefits;

E. Awarding Plaintiff compensatory damages in an amount to be determined by the jury;

F. Awarding Plaintiff statutory and liquidated damages in an amount to be determined by enforcement of the statutes herein;

G. Awarding Plaintiff pre- and post-judgment interest, the costs of this action, and reasonable attorneys' fees as provided by the statutes providing the causes of action cited herein; and

H. Granting such other and further relief, including equitable relief authorized by the cited statutes, as this Court deems necessary and proper.

Respectfully submitted on this 30th day of July, 2021,

CARDEN LIVESAY, LTD.

By: s/Joshua W. Carden
Joshua W. Carden
*Attorneys for Plaintiff*

